**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

JAY CONNOR, individually and on behalf of all other similarly situated,

      Plaintiff,

v.

LEAD ELITE LLC and NRT CAROLINAS LLC DBA COLDWELL BANKER REALTY.

      Defendants.

Case No: 2:26-cv-1288-DCN

**DEFENDANT LEAD ELITE LLC'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant Lead Elite LLC ("Defendant"), by and through its attorneys, Nelson Mullins Riley & Scarborough LLP and Kelley Drye & Warren LLP, hereby files its Answer and Affirmative Defenses to Plaintiff Jay Connor's ("Plaintiff") Complaint, filed on behalf of himself and others similarly situated:

**PRELIMINARY STATEMENT**

1. Defendant admits that Plaintiff purports to bring this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") but denies that he is entitled to any recovery on behalf of himself or the putative class.

2. Defendant states that the allegations in Paragraph 2 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

3. Defendant admits that Plaintiff purports to bring this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") but denies that he is entitled to any recovery on behalf of himself or the putative class.

4. Defendant admits that Plaintiff purports to bring this Complaint under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") but denies that he is entitled to any recovery on behalf of himself or the putative class.

5. Defendant states that the allegations in Paragraph 5 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context. Defendant otherwise denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Complaint and therefore denies the allegations.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7. The allegation in Paragraph 7 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in Paragraph 7 of the Complaint.

### Parties

8. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Complaint and therefore denies the allegations.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 10 of the Complaint and therefore denies the allegations.

### Jurisdiction & Venue

11. The allegation in Paragraph 11 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant states it is not challenging subject matter jurisdiction.

2

12.     The allegation in Paragraph 12 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond To the extent a response is required, Defendant states it is not challenging personal jurisdiction.

13.     The allegation in Paragraph 13 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant states it is not challenging venue.

### Statutory Background

<u>The TCPA</u>

14.     Defendant states that the allegations in Paragraph 14 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

15.     Defendant states that the allegations in Paragraph 15 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

16.     Defendant states that the allegations in Paragraph 16 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

17.     Defendant states that the allegations in Paragraph 17 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

18.     Defendant states that the allegations in Paragraph 18 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

19. Defendant states that the allegations in Paragraph 19 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

20. Defendant states that the allegations in Paragraph 20 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

21. Defendant states that the allegations in Paragraph 21 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

22. Defendant states that the allegations in Paragraph 22 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

23. Defendant states that the allegations in Paragraph 23 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

24. Defendant states that the allegations in Paragraph 24 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

25. Defendant states that the allegations in Paragraph 25 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

26. Defendant states that the allegations in Paragraph 26 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

**Vicarious liability by NRT Carolinas d/b/a Coldwell Banker Realty**

27. The allegation in Paragraph 27 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of the Complaint and therefore denies the allegations.

29. Defendant states that the allegations in Paragraph 29 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

30. The allegation in Paragraph 30 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

30. The allegation in Paragraph 30[1] of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond. To the extent a response is required, Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant states that the allegations in Paragraph 31 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

---

[1] Plaintiff's Complaint contains two paragraphs numbered 30. For purposes of clarity and consistency, Defendant follows the numbering in the Complaint.

32.     Defendant states that the allegations in Paragraph 32 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

33.     Defendant states that the allegations in Paragraph 33 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

34.     Defendant states that the allegations in Paragraph 34 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

35.     Defendant states that the allegations in Paragraph 35 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

36.     The allegation in Paragraph 36 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 36 of the Complaint and therefore denies the allegations.

37.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 37 of the Complaint and therefore denies the allegations.

38.     The allegation in Paragraph 38 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 of the Complaint and therefore denies the allegations.

6

39.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 of the Complaint and therefore denies the allegations.

40.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Complaint and therefore denies the allegations.

41.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Complaint and therefore denies the allegations.

42.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the Complaint and therefore denies the allegations.

43.     Defendant states that the allegations in Paragraph 43 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

The SCTPPA

44.     Defendant states that the allegations in Paragraph 44 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

45.     Defendant states that the allegations in Paragraph 45 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

46.     Defendant states that the allegations in Paragraph 46 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

**Common Allegations**

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint and therefore denies the allegations.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Complaint and therefore denies the allegations.

51.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Complaint and therefore denies the allegations.

52.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Complaint and therefore denies the allegations.

53.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Complaint and therefore denies the allegations.

54.     Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant states that the allegations in Paragraph 55 purport to refer to consumer complaints posted online and Defendant refers to the referenced posts for their complete and accurate content and context and otherwise denies the allegations in this Paragraph.

## Factual Allegations

Calls to Plaintiff

56.     The allegation in Paragraph 56 of the Complaint is a legal conclusion, and therefore, Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 57 of the Complaint and therefore denies the allegations.

58.     Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Complaint and therefore denies the allegations.

59.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Complaint and therefore denies the allegations.

60.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 60 of the Complaint and therefore denies the allegations.

61.    Defendant denies the allegations in Paragraph 61 of the Complaint.

62.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Complaint and therefore denies the allegations.

63.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 63 of the Complaint and therefore denies the allegations.

64.    Defendant denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 64 of the Complaint and therefore denies the allegations.

65.    Defendant admits the allegations contained in Paragraph 65.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint.

**Class Action Allegations**

67.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 67 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

68.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 68 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

69.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 69 of the

Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

70.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 70 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

71.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 71 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

72.    Defendant admits that Plaintiff purports to bring this Complaint on behalf of a putative class but denies that he is entitled to any recovery on behalf of himself or the putative class.

73.    Defendant admits that Plaintiff purports to bring this Complaint on behalf of a putative class but denies that he is entitled to any recovery on behalf of himself or the putative class.  Defendant denies the remaining allegations in Paragraph 73 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23

74.    Defendant admits that Plaintiff purports to bring this Complaint on behalf of a putative class but denies that he is entitled to any recovery on behalf of himself or the putative class. Defendant denies the remaining allegations in Paragraph 74 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23

75.    Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class.  Defendant denies the remaining allegations in Paragraph 75 of the

Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

76. Defendant admits that Plaintiff has purported to bring this action on behalf of himself and a putative class. Defendant denies the remaining allegations in Paragraph 76 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

77. Defendant denies the allegations in Paragraph 77 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

78. Defendant denies the allegations in Paragraph 78 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

79. Defendant denies the allegations in Paragraph 79 of the Complaint, including that this case is suitable for class treatment or that Plaintiff can satisfy the elements of Rule 23.

**Legal Claims**

**<u>Count One</u>**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227**
**(On Behalf of Plaintiff and the National Do Not Call and Internal Do Not Call Classes)**

80. Defendant restates and incorporates its responses the prior allegations of this Complaint.

81. Defendant states that the allegations in Paragraph 81 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

11

83.     Defendant states that the allegations in Paragraph 83 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

## Count Two
## Violation of the SCTPPA

85.     Defendant restates and incorporates its responses the prior allegations of this Complaint.

86.     Defendant states that the allegations in Paragraph 86 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

87.     Defendant states that the allegations in Paragraph 87 purport to refer to a statute and Defendant refers to the referenced statute for its complete and accurate content and context and otherwise denies the allegations in this Paragraph.

## Relief Sought

Defendant denies Plaintiff and the putative class are entitled to the requested relief as set forth in the Complaint.

Defendant admits that Plaintiff has requested a jury trial as set forth in the complaint.

## GENERAL DENIAL

To the extent not explicitly admitted above, Defendant denies each and every allegation set forth in the Complaint.

## DEFFENDANT'S AFFIRMATIVE DEFENSES

By way of further response, Defendant asserts and alleges the following Affirmative Defenses to Plaintiff's Complaint.

12

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Defendant had prior express written consent, permission, or an invitation to place any calls, including to Plaintiff and/or the putative class members.

## THIRD AFFIRMATIVE DEFENSE

Defendant had an established relationship with the recipients of any calls, including with Plaintiff and the putative classes and such relationship bars Plaintiff's and the putative classes' claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's individual and class claims against Defendant must be dismissed because neither Plaintiff nor the absent classes have suffered an injury-in-fact, and therefore, lack standing to assert or pursue the claims in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that at all times mentioned in the Complaint, Defendant acted lawfully and within its legal rights, with a good faith belief in the exercise of those rights, and in the furtherance of a legitimate business purpose. Further, Defendant acted in good faith in the honest belief that the acts, conduct and communications, if any, of Defendant were justified under the circumstances based on information reasonably available to Defendant.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join the necessary and indispensable parties in this action.

13

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred by the applicable Statute of Limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the award of statutory penalties against Defendant would violate the Due Process clause of the United States Constitution and constitute excessive fines in violation of the Eighth Amendment of the United States Constitution.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred, in whole or in part, by the doctrines of laches, unclean hands, and waiver.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims under the TCPA are unconstitutional.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that by Plaintiff's and the absent class members' conduct, representations, and omissions, upon which Defendant detrimentally relied, Plaintiff and absent class members are equitably estopped from asserting any claim for relief against Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and/or the putative classes have expressly or impliedly consented to and approved all of the acts and omissions about which Plaintiff now complains. Accordingly, Plaintiff and/or the putative classes are barred from pursuing claims alleged in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff and the putative classes are not entitled to any relief because Defendant's conduct did not proximately cause any damages, injury or loss to Plaintiff.

## FOURTHEENTH AFFIRMATIVE DEFENSE

Defendant alleges that by conduct, representations, and omissions, Plaintiff and/or putative class members have waived, relinquished, and/or abandoned any claim for relief against Defendant respecting the matters that are the subject of the Complaint

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims against Defendant are barred because the phone calls that are the subject of the Complaint constitute commercial speech protected by the First Amendment to the United States Constitution and the imposition of liability on Defendant for such phone calls would violate its First Amendment rights.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's and the putative classes' claims are barred because Defendant did not engage in willful and/or knowing misconduct.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant did not place the calls to Plaintiff and/or putative class members.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on that basis alleges, that granting Plaintiff's demand would result in unjust enrichment, as Plaintiff and the putative classes would receive more money than they are entitled to receive.

## NINETEENTH AFFIRMATIVE DEFENSE

The alleged injuries and/or damages sustained by Plaintiff and the putative classes are the result of conduct of a person or persons over whom Defendant exercised no control.

## TWENTIETH AFFIRMATIVE DEFENSE

Claims on behalf of the putative class members are subject to arbitration provisions.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable for any violation, even if one occurred, because the violation was not intentional, and if any violation occurred, it resulted from a bona fide error notwithstanding Defendant's maintenance of procedures reasonably adapted to avoid any such error.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant states that it currently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event that discovery indicates it would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff takes nothing by reason of his Complaint;

2.     That judgment be entered against Plaintiff and in favor of Defendant;

3.     That Defendant recover all expenses, costs, and attorneys' fees in connection with this lawsuit; and

4.     That the Court grant Defendant such other and further relief as it deems just and proper.

16

NELSON MULLINS RILEY & SCARBOROUGH LLP


By: *s/Jonathan M. Knicely*
    Jonathan M. Knicely
    Federal Bar No. 12103
    jonathan.knicely@nelsonmullins.com
    1320 Main Street / 17th Floor
    Columbia, SC 29201
    (803) 799-2000


KELLEY DRYE & WARREN LLP


    Lauri A. Mazzuchetti (038481999)
    (*Pro Hac Vice* forthcoming)
    lmazzuchetti@kelleydrye.com
    7 Giralda Farms, Suite 340
    Madison, NJ 07940
    (973) 503-5923

    *Attorneys for Defendant Lead Elite LLC*


Columbia, South Carolina
June 12, 2026